

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

MEF:ANR/GB
F. # 2025R00355

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

January 20, 2026

By ECF

Honorable Pamela K. Chen
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: United States v. Hector Bermudez, et al.
     Criminal Docket No. 25-361 (PKC)

Dear Judge Chen:

  The government respectfully submits this motion to request that the Court enter the proposed Protective Order attached hereto as Exhibit A with respect to discovery in the above-referenced matter for defendants Hector Bermudez, David Brilhante, and Rumaldo Valdez. Defense counsel for Bermudez, Brilhante, and Valdez who have already appeared in this matter consent to the entry of the proposed order.

  A. The Court's Authority to Enter a Protective Order Concerning Discovery

  This Court has the authority under Federal Rule of Criminal Procedure 16(d) to issue a protective order restricting the dissemination of discovery for good cause. See Fed. R. Crim. P. 16(d)(1) ("At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief."); United States v. Stewart, 590 F.3d 93, 98-99 (2d Cir. 2009) (citing Fed. R. Crim. P. 16(d)); In re: Terrorist Bombings of U.S. Embassies in E. Afr., 552 F.3d 93, 122 (2d Cir. 2008) (noting that Rule 16(d) grants district courts the discretion to establish conditions "under which the defense may obtain access to discoverable information"); United States v. Smith, 985 F. Supp. 2d 506, 521 (S.D.N.Y. 2013) (noting that "the Supreme Court has held that the trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of materials which they may be entitled to inspect").

  By its own terms, Rule 16 contemplates that discovery materials should be exchanged privately between the parties and not disclosed publicly. See Seattle Times Company v. Rhinehart, 467 U.S. 20, 31-33 (1984) (noting that pretrial civil discovery materials are not traditionally available to the public); United States v. Anderson, 799 F.2d 1438, 1441 (11th Cir.

1986) (holding the same in the context of criminal discovery); Smith, 985 F. Supp. 2d at 519 (noting that pretrial discovery "is usually conducted in private"). Because the purpose of pretrial discovery is solely to prepare a defense, discovery materials provided by one party or another should not be disseminated before trial to members of the public. See Anderson, 799 F.2d at 1441 ("Discovery, whether civil or criminal, is essentially a private process because the litigants and courts assume that the sole purpose of discovery is to assist trial preparation. That is why parties regularly agree, and courts often order, that discovery information will remain private."); United States v. McVeigh, 918 F. Supp. 1452, 1460 (W.D. Okla. 1996) (limitations on public disclosure of discovery information "assure the fairness of the proceedings" and "emphasize that trials are conducted inside the courtroom . . . rather than on the courthouse steps"). Additionally, because this case involves minor victims and witnesses, 18 U.S.C. § 3509(d)(3) provides further authority for the Court to enter protective orders protecting from public disclosure the name or any other information concerning a child, should there be a significant possibility that such disclosure would be detrimental to the child.

For these reasons, courts in this Circuit and others have held that it is appropriate to issue a protective order limiting the dissemination of discovery materials solely to the defendants for their use in preparing a defense for trial. See, e.g., Seattle Times, 467 U.S. at 37 (affirming protective order limiting dissemination of pretrial discovery); Stewart, 590 F.3d at 98-99 (same); Anderson, 799 F.2d at 1441 (same); Smith, 985 F. Supp. 2d at 535 (same); United States v. Salemme, 978 F. Supp. 386, 389-90 (D. Mass. 1997) (same).

B. Entry of the Enclosed Protective Order Is Appropriate

A protective order is appropriate in this case, given the sensitive nature of certain discovery materials to be produced. Indeed, the discovery includes personal identifying information of minor victims of child exploitation (such as names, nicknames, photographs and videos). Given the nature of these materials, unredacted disclosure of the discovery would impact the privacy interests of the witnesses and victims. Therefore, there is good cause to enter the attached and agreed-upon protective order.

The proposed Protective Order establishes categories of Sensitive Discovery Material and Attorneys' Eyes' Only material, in addition to ordinary discovery material that is not covered by the Protective Order. The Protective Order designates certain discovery provided by the government to the defendants as "Sensitive Discovery Material" or "Attorneys' Eyes' Only." Such Sensitive Discovery Material may be shared with the legal staff of defense counsel and analysts and investigators retained by defense counsel, but may not be shared with anyone else without the consent of the government or an order of the Court. For material designated Attorneys' Eyes Only, that material is viewable only by defense counsel and is not to be shared with the defendant. The Protective Order also prohibits the dissemination to, or discussion with, the media of any Discovery Material. If a defendant seeks an order of the Court, he or she must either notify the government sufficiently in advance of the contemplated disclosure to permit briefing and argument on the propriety of such disclosure; or inform the Court in writing why it should decide the application ex parte without notice to the government. As set out in the protective order, each designation may be challenged by the defense and ultimately decided by the Court.

C. Conclusion

For the foregoing reasons, the government respectfully requests that the Court enter the attached Protective Order regarding sensitive discovery in this case.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney
Eastern District of New York

By: /s/
Antoinette N. Rangel
Assistant U.S. Attorney
(718) 254-7000

By: /s/
Gwendelynn Bills
Trial Attorney
(202) 616-2572

Enclosure

cc: Clerk of Court (PKG) (by ECF)
     Counsel for the Defendants (by ECF)