# EXHIBIT A

MEF:ANR/GB
F. #2025R00355

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

       -against-

HECTOR BERMUDEZ,
      also known as "Fiasco," "Rogue,"
      and "Diablo,"
DAVID BRILHANTE,
      also known as "Knight" and
      "CS:GO," and
RUMALDO VALDEZ,
      also known as "Duck."

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - X

STIPULATION & PROTECTIVE ORDER
Docket No. 25-CR-361 (PKC)

IT IS HEREBY STIPULATED AND AGREED by the undersigned attorneys and

ORDERED by the Court, pursuant to Federal Rule of Criminal Procedure 16(d), that:

1.      All material and information disclosed or produced pursuant to Rule 16 of

the Federal Rules of Criminal Procedure, pursuant to 18 U.S.C. § 3500, and/or pursuant to Brady

v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972), or

voluntarily produced by the government to the defendant, and the undersigned defense counsel

("Defense Counsel"), by the government in the above-captioned case (hereinafter, the

"Discovery Materials") shall be governed by this protective order (the "Protective Order").

2.      Discovery Materials, however designated, and any and all copies, notes,

transcripts, or documents derived from the Discovery Materials, may be used by the Defendants,

Defense Counsel and Defense Staff (which is defined as non-lawyer staff employed or

contracted by Defense Counsel, expert witnesses, investigators and interpreters retained by Defense Counsel) only for the purposes of defending against the charges in the above-captioned case, including but not limited to preparation for trial and any sentencing, appeal, or collateral attack, which was commenced within a year of the exhaustion of the Defendants' appellate rights, involving the charges in the above-captioned case.

3.      Except as otherwise provided in this Protective Order, any and all Discovery Materials disclosed or produced to the Defendants and/or Defense Counsel by the government, and any copies, notes, transcripts, or documents derived from the Discovery Materials, shall not be further disclosed or disseminated by the Defendants, Defense Counsel, or Defense Staff to, or with, any individuals, organizations, or other entities.

4.      None of the Discovery Materials nor any copies, notes, transcripts, or documents derived from the Discovery Materials, shall be disseminated to, or discussed with, the media in any form.  Nothing in this Protective Order prohibits the media from obtaining copies of any items that become public exhibits at any conference, hearing, trial, or other proceeding.

5.      If a Defendant obtains substitute counsel, that Defendant, Defense Staff, or Defense Counsel will not transfer any portion of the Discovery Materials or any copies, notes, transcripts, or documents derived from the Discovery Materials, unless and until such counsel becomes counsel of record, has been provided a copy of this Protective Order, signs Attachment A to this Protective Order, and provides a signed copy of Attachment A to the government. Once substitute counsel has provided a signed copy of Attachment A to the government, and following Defense Counsel's withdrawal from the above-captioned case, substitute counsel shall assume Defense Counsel's responsibilities under the Protective Order.

6.      The Defendants may review Discovery Materials specifically identified by the government as "SENSITIVE" or "SENSITIVE DISCOVERY MATERIAL" (the "Sensitive Discovery Material"), only in the presence of Defense Counsel or Defense Staff. The Defendants is prohibited from having possession, custody, or control of the Sensitive Discovery Material, and any and all copies, notes, transcripts, or documents derived from the Sensitive Discovery Material.

7.      The Defendants, Defense Counsel and Defense Staff shall not obtain or create any copies of the Sensitive Discovery Material for disclosure or dissemination to any person other than Defense Counsel and Defense Staff.

8.      If Defense Counsel chooses to share the Sensitive Discovery Material with the Defendants, a witness and/or a witness's counsel, that Sensitive Discovery Material must be shared in the presence of Defense Counsel or Defense Staff. Where the Defendants and/or Defense Counsel wish to attach any portion of the Sensitive Discovery Materials to public filings made with the Court, the Sensitive Discovery Materials and any pleadings or submissions referencing the content of that material shall be filed or lodged under seal.

9.      All Discovery Material specifically identified by the government as material designated for "ATTORNEYS' EYES ONLY" (the "Attorneys' Eyes Only Material") shall be treated as if it had been designated as Sensitive Discovery Material with the additional limitations discussed in paragraph 10 below.

10.     Attorneys' Eyes Only Material may be reviewed only by Defense Counsel and Defense Staff, as defined in paragraphs 1 and 2 above, respectively. Attorneys' Eyes Only Material may not be disseminated to or reviewed by any other person, including the Defendants. Attorneys' Eyes Only Material may be shared with the Defendants under the constraints

applicable to Sensitive Discovery Materials four weeks before trial unless the government shows good cause why it should not be shared or why sharing should be delayed. If the government and Defense Counsel are not able to reach agreement on the sharing of Attorneys' Eyes Only Materials, the government and/or Defense Counsel may seek intervention from the Court.

11.     Any documents, material, or information may be designated Sensitive Discovery Material only upon a good-faith belief by the government (or Defense Counsel as it pertains to reciprocal discovery) that such materials contain: identifying information for any potential witness, victim or individual not a party to this litigation; sensitive information of a victim or of a witness or of a "child" as that term is defined in 18 U.S.C. § 3509(a)(2)(A); law enforcement sensitive information; information that could implicate the safety of others; information that could impede an ongoing law enforcement investigation; and/or any other information that the government deems in need of heightened protection under this Protective Order. If the government and Defense Counsel do not agree that certain material should be designated as Sensitive Discovery Material, a Defendant may provide notice to the government and a reasoned explanation regarding why that Defendant does not believe the materials require treatment as Sensitive Discovery Material. To the extent the parties do not agree, either party— upon providing notice of the intent to make such an application—may apply to the Court to determine whether the material should be treated as Sensitive Discovery Material. Nothing in this paragraph shall preclude Defense Counsel, after consultation with the government, from making an application to the Court in connection with the government's designation. The Defendants shall treat the material as Sensitive Discovery Material pending any determination by the Court.

12.     Any documents, material, or information may be designated Attorneys' Eyes Only Material only upon a good-faith belief by the government (or Defense Counsel as it

pertains to reciprocal discovery) that designation as Sensitive Discovery Material provides insufficient protection to such materials. If the government and Defense Counsel do not agree that certain material should be designated as Attorneys' Eyes Only, Defense Counsel may provide notice to the government and a reasoned explanation regarding why Defense Counsel does not believe the materials require treatment as Attorneys' Eyes Only Material. To the extent the parties do not agree, either party—upon providing notice of the intent to make such an application—may apply to the Court to determine whether the material should be treated as Attorney's Eyes Only Material. Defense Counsel shall treat the material as Attorneys' Eyes Only Material pending any determination by the Court.

13.     Any documents, material, or information determined to be Sensitive Discovery Material or Attorneys' Eyes Only Material may be so designated by stamping the legend "SENSITIVE," "SENSITIVE DISCOVERY MATERIAL" or "ATTORNEYS' EYES ONLY" on the document or by indicating the appropriate designation to Defense Counsel either (1) orally at the time of the disclosure and subsequently confirmed in writing, or (2) in writing. While each page of a sensitive document and its attachments may be marked, it shall be assumed that a sensitive designation on the first page of a document indicates the same sensitive designation for the entire document and its attachments, unless otherwise noted. Where electronic files or documents are produced in a format that makes stamping impractical, such files and documents may be designated by appending to the media on which such a file or documents are produced, file name, or to the electronic folder in which the file is located, information indicating that the file contains Sensitive or Attorneys' Eyes Only material.

14.     The Defendants and Defense Counsel will return to the government the Sensitive Discovery Material and the Attorneys' Eyes Only Material and all copies thereof,

whether in the possession of the Defendants, Defense Counsel, Defense Staff or any other signatory to Attachment A to this Protective Order, when the relevant Defendant concludes all efforts to defend against the charges in the above-captioned case and any superseding indictment, including but not limited to preparing for trial and any sentencing, appeal, or collateral attack, which was commenced within a year of the exhaustion of the Defendant's appellate rights, involving the charges in the above-captioned case.

15.     Counsel for the Defendants shall refer to the minors in this case by their numerical pseudonyms (Minor 1, etc.) and the government shall refer to the victims in this case by their pseudonyms (Minor Victim 1, etc.) in any public filing. Should either party need to file something with the Court that would have the effect of identifying the victim, or that discusses any sensitive matters that would impact any victim, witness, or other civilian's dignity or privacy, such filings shall be submitted to the Court under seal.

16.     Nothing in this Protective Order shall preclude the government or the Defendants from seeking a further order pursuant to Rule 16(d) as to particular items of the Discovery Materials.

17.     Nothing in this Protective Order in any way releases counsel for the government or Defense Counsel from the obligations of the "Free Press Fair Trial Directives" of Local Rule 23.1 of the Local Criminal Rules of the Eastern District of New York.

18.     Nothing in this Protective Order alters the obligations of the parties to comply with 18 U.S.C. § 3509(d). The parties stipulate that, for the purposes of § 3509(d), any individual who was a minor at the time of the alleged criminal conduct or at the time of any interview by law enforcement is a "child," as that term is defined.

19.     In the event the terms of this Protective Order are violated, Defense Counsel or the government shall advise the Court and opposing counsel immediately of the nature and circumstances of such violation.

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

20.     This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

Dated:   Brooklyn, New York
         January 20, 2026

                                    JOSEPH NOCELLA, JR.
                                    United States Attorney
                                    Eastern District of New York

                          By:     /s/
                                    Antoinette N. Rangel
                                    Assistant U.S. Attorney
                                    (718) 254-7000

                          By:     /s/ Gwendelynn Bills
                                    Gwendelynn Bills
                                    Trial Attorney
                                    (202) 616-2572


Gary Kaufman, Esq.                  Hector Bermudez
Nicholas Hine, Esq.                 Defendant
Counsel for Defendant Hector Bermudez


John Ellis, Esq.                    David Brilhante
Counsel for Defendant David Brilhante   Defendant

Margaret M. Grasso, Esq.
Counsel for Defendant Rumaldo Valdez

Rumaldo Valdez
Defendant

SO ORDERED
this _____ day of January __, 2026

THE HONORABLE PAMELA K. CHEN
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

**Attachment A to Protective Order**

I have read the attached Protective Order in the matter of United States v. Bermudez, et al., Cr. No. 25-361 (PKC), and, by my signature below, agree to be bound by its terms.

| Printed Name | Signature |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |