

U.S. Department of Justice

*United States Attorney
Eastern District of New York*

ANR/GB
F. #2025R00355

*271 Cadman Plaza East
Brooklyn, New York 11201*

January 23, 2026

By Email and ECF

Gary M. Kaufman, Esq.
The Law Office of Gary Kaufman, PLLC
377 Broadway, 8th Floor
New York, NY 10013

Nicholas T. Hine, Esq.
Hine Law PLLC
P.O. Box 170096
Brooklyn, NY, 11217

       Re:    United States v. Hector Bermudez et al.
                Criminal Docket No. 25-361

Dear Ms. Kaufman and Mr. Hine:

      Enclosed please find the government's discovery in accordance with Rule 16 of the Federal Rules of Criminal Procedure, which will be produced by USAfx. Please note that some of this material is considered Sensitive Discovery Material ("SDM") as that term is defined in the Protective Order in this matter. The government also requests reciprocal discovery from the defendant.

I.      The Government's Discovery

    A.      Documents and Tangible Objects

- The following applications for search warrants and the associated search warrants:
    - An application in support of a warrant to search the defendant's residence, electronic devices, and the defendant's person and the associated search warrants (25-MC-4621), Bates-numbered BERMUDEZ_000001 through BERMUDEZ_000053 marked Sensitive Discovery Material;

- A log and photographs of the items seized from the execution of the above-described search warrants Bates-number BERMUDEZ_000054 through BERMUDEZ_000055;
- Passport application records Bates-numbered BERMUDEZ_000056 through BERMUDEZ_000059;
- 911 records Bates-numbered BERMUDEZ_000060 through BERMUDEZ_000064;
- CyberTip Reports from the National Center for Missing and Exploited Children, Bates-numbered BERMUDEZ_00065 through BERMUDEZ_000131 marked Sensitive Discovery Material.
- Business records from Block, Inc., Bates-numbered BERMUDEZ_000132 through BERMUDEZ_000136;
- Business records from Discord, Bates-numbered BERMUDEZ_000137 through BERMUDEZ_000145;
- Business records from Google LLC, Bates-numbered BERMUDEZ_000146 through BERMUDEZ_000150;
- Business records from Roblox, Bates-numbered BERMUDEZ_000151 through BERMUDEZ_000155;
- Business records from Snap, Inc., Bates-numbered BERMUDEZ_000156 through BERMUDEZ_000159;
- Business records from Verizon, Bates-numbered BERMUDEZ_000160 through BERMUDEZ_000163;
- Business records from T-Mobile, Inc., Bates-numbered BERMUDEZ_000164 through BERMUDEZ_000165;

You may examine the physical evidence discoverable under Rule 16, including original documents, by contacting me to arrange a mutually convenient time.

Additionally, due to the nature of this case, many discovery materials contain child pornography. Under 18 U.S.C. § 3509(m), these materials are available for review at the Federal Bureau of Investigation. Specifically, content seized from the devices of defendants Rumaldo Valdez and Zachary Dosch. You may arrange with the case agent to review these materials. Future productions of Rule 16 discovery that contain child pornography will be treated similarly.

B. <u>Reports of Examinations and Tests</u>

The government will provide you with copies of any additional reports of examinations or tests in this case as they become available.

C. <u>Expert Witnesses</u>

The government will comply with Fed. R. Crim. P. 16(a)(1)(G) and Fed. R. Evid. 702, 703 and 705 and notify you in a timely fashion of any expert that the government intends to call at trial and provide you with a summary of the expert's opinion.

      D.      <u>Brady Material</u>

The government is not aware of any exculpatory material regarding the defendant. The government understands and will comply with its continuing obligation to produce exculpatory material as defined by <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and its progeny.

Before trial, the government will furnish materials discoverable pursuant to Title 18, United States Code, Section 3500, as well as impeachment materials. <u>See</u> <u>Giglio v. United States</u>, 405 U.S. 150 (1972).

      E.      <u>Other Crimes, Wrongs or Acts</u>

The government will provide the defendant with reasonable notice in advance of trial if it intends to offer any material under Fed. R. Evid. 404(b).

II.      <u>The Defendant's Required Disclosures</u>

The government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure. The government requests that the defendant allow inspection and copying of (1) any books, papers, documents, data, photographs, tapes, tangible objects, or copies or portions thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely upon at trial, or that were prepared by a witness whom the defendant intends to call at trial.

The government also requests that the defendant disclose prior statements of witnesses who will be called by the defendant to testify. <u>See</u> Fed. R. Crim. P. 26.2. In order to avoid unnecessary delays, the government requests that the defendant have copies of those statements available for production to the government no later than the commencement of trial.

The government also requests that the defendant disclose a written summary of testimony that the defendant intends to use as evidence at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence. The summary should describe the opinions of the witnesses, the bases and reasons for the opinions, and the qualification of the witnesses.

III.      <u>Future Discussions</u>

If you have any questions or requests regarding further discovery or a disposition of this matter, please do not hesitate to contact me.

   Please be advised that, pursuant to the policy of the Office concerning plea offers and negotiations, no plea offer is effective unless and until made in writing and signed by authorized representatives of the Office. In particular, any discussion regarding the pretrial disposition of a matter that is not reduced to writing and signed by authorized representatives of the Office cannot and does not constitute a "formal offer" or a "plea offer," as those terms are used in Lafler v. Cooper, 132 S. Ct. 1376 (2012), and Missouri v. Frye, 132 S. Ct. 1399 (2012).

              Very truly yours,

              JOSEPH NOCELLA, JR.
              United States Attorney

     By: /s/_____
        Antoinette N. Rangel
        Assistant U.S. Attorney
        (718) 254-7481

     By: /s/_____
        Gwendelynn Bills
        Trial Attorney
        Child Exploitation & Obscenity Section
        (202) 616-2572

Enclosures

cc: Clerk of the Court (PKC) (by ECF) (without enclosures)